UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILTON D. HARRIS, | Case No. 2:22-cv-01537-TLN-JDP (PS) |
| Plaintiff, | |
| v. | ORDER TO SHOW CAUSE |
| PAUL OSTERLIE, JR., *et al.*, | |
| Defendants. | |

In September 2022, plaintiff filed a complaint and paid the required filing fee. To date, neither of the defendants have appeared. Plaintiff has filed a purported proof of service reflecting that he attempted to serve defendants on September 14, 2022. ECF No. 4. However, that filing indicates that plaintiff simply mailed a copy of the summons and complaint to an address in Ione, California. ECF No. 4 at 2. Thus, it appears that plaintiff has not properly served defendants.

Pursuant to Rule 4 of the Federal Rules of Civil Procedure, an individual may be served by: (1) delivering a copy of the summons and the complaint to that person personally; (2) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (3) delivering a copy of each to an agent authorized to accept service. Fed. R. Civ. P. 4(e)(2)(A)-(C). California law provides that if personal service cannot be accomplished despite reasonable diligence, an individual can be served by:

1

> leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box, in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address other than a United States Postal Service post office box, at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left.

Cal. Civ. P. § 415.20(b).

The Federal Rules provide that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id*. Although a pro se litigants are generally afforded more latitude than one represented by counsel, a party's pro se status does not constitute "good cause" for failing to timely effect service. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); *Townsel v. Contra Costa Cnty.*, 820 F.2d 319, 320 (9th Cir. 1987) (holding that ignorance of service requirements does not constitute "good cause" for failure to timely effect service); *see also* E.D. Cal. L.R. 183(a) ("Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.").

Accordingly, it is hereby ORDERED that:

1. Plaintiff shall show cause within fourteen days from the date of this order why this action should not be dismissed for failure to effect service of process within the time prescribed by Rule 4(m).

2. Plaintiff is warned that failure to respond to this order will result in a recommendation that this action be dismissed without prejudice for failure to effect services of process.

IT IS SO ORDERED.

Dated:  June 14, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE